**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| NICHOLAS LATOUR, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 4:21-cv-00959-SRC |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Respondents. | ) |

**Memorandum and Order**

This matter comes before the Court on the motion of petitioner Nicholas Latour for leave to commence this civil action without prepayment of the required filing fee. Doc. 2. Having reviewed the motion, the Court grants it. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court denies and dismisses petitioner's writ of mandamus, and denies his motions for a temporary restraining order.

**Writ of Mandamus**

Petitioner is a self-represented litigant who has submitted a document titled "Writ of Mandamus." Doc. 1 at p. 1. Respondents are identified as the United States of America, President Joe Biden, Attorney General Merrick Garland, Secretary of the U.S. Department of Homeland Security Alejandro Mayorkas, and Commissioner of U.S. Customs and Border Protection Troy Miller. Petitioner seeks an order directing respondents to immediately deport all illegal or undocumented immigrants caught crossing the border "or found within 500 miles of any U.S. Border." Doc. 1 at pp. 1-2.

In support of his petition, petitioner refers to "numerous reports" that the U.S. Customs and Border Protection agency "is continually releasing illegal and undocumented immigrants into the

interior of the United States." Doc. 1 at p. 2.  Furthermore, he alleges that "[i]t has been reported that many of the illegal and undocumented immigrants being released . . . have tested positive for the coronavirus."  Petitioner notes that the coronavirus pandemic has infected over 35 million Americans, resulting in over 600,000 deaths.

Petitioner states that there have been continuous warnings from lawmakers and the Centers for Disease Control regarding the importance of stopping the spread of the coronavirus.  Doc. 1 at p. 3.  He further contends that the "government has continually taken extreme steps to mitigate the spread of COVID-19 and the Delta Variant."  These steps include mask mandates and "mandatory vaccines."  Despite these interventions, petitioner accuses respondents of releasing "illegal and undocumented immigrants into the interior of the United States," where they are then "free to travel throughout the country."  He asserts that releasing these individuals "poses an unnecessary risk to Americans." Doc. 1 at p. 4.

Petitioner states that the United States government has a responsibility "to protect American citizens," and that it has failed in this responsibility by releasing "illegal and undocumented immigrants into the interior of the United States," thereby putting "every American at an unnecessary risk of serious illness and even death."  Doc. 1 at pp. 4-5.  As such, petitioner concludes that his "extraordinary Writ of Mandamus is necessary to protect and Save American lives."  He asks the Court to enter an order directing respondents to "arrest and deport any and all illegal and undocumented immigrants caught entering the United States until the Pandemic" has ended.

## Motion for Temporary Restraining Order

Along with his petition for writ of mandamus, petitioner has filed a document titled "Motion for Temporary Restraining Order."  Doc. 3.  In the motion, petitioner states that "U.S.

Customs and Border Protection agents have been releasing illegal and undocumented COVID-positive immigrants into the interior of the country," allegedly posing an imminent threat to petitioner and anyone else coming into contact with them.  Doc. 3 at p. 2.  According to petitioner, U.S. Customs and Border Protection agents only test immigrants who are experiencing COVID symptoms, even though "not all "COVID-positive immigrants experience coronavirus symptoms and could be infected without knowledge."

Petitioner states that COVID-19 is a serious threat, and that "releasing COVID-positive illegal immigrants into the country puts every American in imminent danger."  He further notes that he "is a U.S. citizen living in Valley Park, Missouri which has a growing population of illegal and undocumented immigrants."  Doc. 3 at p. 3.  Petitioner contends that a restraining order is necessary for the protection of himself, his family, and all Americans.  He thus asks "the Court to enter a temporary restraining order without notice," which would prohibit the United States from releasing "any and all illegal and undocumented immigrants apprehended within 100 miles of any U.S. border or port of entry."  Doc. 3 at p. 2.

### Second Motion for Temporary Restraining Order

After filing of his motion for temporary restraining order, petitioner filed a second document titled "Petitioner's Emergency Motion for a Temporary Restraining Order Pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure and to set this Motion for a Hearing within 24 Hours."  Doc. 4 at p. 1.

In this second motion, petitioner refers to "numerous news reports" regarding the release of illegal and undocumented immigrants near the border between the United States and Mexico.  Doc. 4 at p. 2.  He also states that there are reports of "immigrants being released into the interior of the United States [who] tested positive for the Coronavirus."  Doc. 4 at p. 3.  Petitioner alleges

3

that "COVID-positive immigrants are free to move anywhere in the United States," posing "an imminent threat to the health and lives" of every American coming into contact with them.

Petitioner asserts that the named respondents have a duty to protect American lives, and that they have breached this "duty by instructing their subordinates to release immigrants regardless of COVID exposure or" by allowing illegal immigrants to be released without being tested "for the coronavirus or the Delta Variant."

Petitioner notes that the United States is experiencing a deadly pandemic, and that without an emergency restraining order, every American citizen faces an "imminent threat." Doc. 4 at p. 4. He contends that "COVID-positive illegal immigrants," as well as the "illegal immigrants traveling with them," should be detained, tested, and treated, or be "deported immediately because they have skirted our laws, crossed our borders illegally and pose a threat to American life."

According to petitioner, President Biden has rescinded the policies of the previous presidential administration, wherein "all illegal immigrants encountered near our Southern Border were immediately deported and required to remain in Mexico." Doc. 4 at pp. 4-5. Now, however, he alleges that the actions of respondents are "fueling" the coronavirus pandemic. Doc. 4 at p. 5.

Petitioner asserts that "he is an American Citizen with . . . minor children living in a community far from the Southern Border." Nevertheless, he states that "his city has seen an influx of immigrants." This has caused petitioner increased fear due to his wife working "two businesses with high volumes of customers," and his daughter working "at a McDonald's with a mostly immigrant staff." Doc. 4 at p. 6.

For these reasons, petitioner seeks "an emergency restraining order without notice" to enjoin respondents "from releasing any illegal or undocumented immigrant who tests[s] positive for COVID-19 or the Delta variant or who is found traveling with any immigrant who has tested

4

positive." He also demands that "all illegal immigrants encountered within 100 miles of the Southern Border with Mexico be tested for the coronavirus," and that this motion be set "for an emergency hearing within 24 hours."

## Discussion

Petitioner is a self-represented litigant who has filed a petition for writ of mandamus, seeking to have all illegal immigrants caught entering the United States arrested and deported. Because petitioner is proceeding in forma pauperis, the Court reviewed his petition pursuant to 28 U.S.C. § 1915(e)(2). Based on that review, and for the reasons discussed below, the petition for writ of mandamus must be denied and dismissed.

### A. Writ of Mandamus

Petitioner has submitted a document titled "Writ of Mandamus" that the Court has construed as an action to compel an officer of the United States to perform his duty under 28 U.S.C. § 1361. Pursuant to this statute, a district court has original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "Mandamus may issue under § 1361 against an officer of the United States only in extraordinary situations and when the plaintiff can establish (1) a clear and indisputable right to the relief sought, (2) the state officer has a nondiscretionary duty to honor that right, and (3) there is no other adequate remedy." *Mitchael v. Colvin*, 809 F.3d 1050, 1054 (8th Cir. 2016); *see also Castillo v. Ridge*, 445 F.3d 1057, 1060-61 (8th Cir. 2006) (explaining that "[a] district court may grant a writ of mandamus only in extraordinary situations and only if: (1) the petitioner can establish a clear and indisputable right to the relief sought, (2) the defendant has a nondiscretionary duty to honor that right, and (3) the petitioner has no other adequate remedy"). Furthermore, "the duty owed to the plaintiff must be

5

ministerial and a positive command so plainly prescribed as to be free from doubt." *Keeny v. Sec'y of the Army*, 437 F.2d 1151, 1152 (8th Cir. 1971).

In this case, petitioner has not presented facts showing that he is entitled to the issuance of a writ of mandamus. First, he has not demonstrated that he has a "clear and indisputable right to the relief sought." That is, petitioner points to no provision in the constitution or federal law giving a private citizen the ability to direct the workings of the U.S. Customs and Border Protection agency. The only basis petitioner provides for the action he proposes is his own belief that he is in danger of encountering an illegal immigrant who has the coronavirus, coupled with unverified "reports" regarding this particular threat. This is not sufficient to bestow upon him an indisputable right to affect a change in governmental policy through a writ of mandamus.

Second, there is no support for the proposition that respondents owe petitioner a nondiscretionary duty. As above, petitioner advances no statutory or constitutional provision establishing a duty on the part of the President of the United States, the Cabinet, or the head of a federal agency to "arrest and deport any and all illegal and undocumented immigrants." Even if respondents had this duty, petitioner has not shown that it is owed to him in particular. In short, petitioner's belief that illegal immigrants are spreading COVID-19 is not sufficient to demonstrate the existence of an enforceable, nondiscretionary duty on respondents' part.

For these reasons, petitioner has failed to show that he is entitled to a writ of mandamus. Therefore, the Court denies and dismisses the petition.

**B. Motions for Temporary Restraining Order**

Petitioner has filed two separate motions for a temporary restraining order. The Court denies the motions.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 557 U.S. 7, 27 (2008). In determining whether to grant a preliminary injunction, a district court applies "a flexible consideration of (1) the threat of irreparable harm to the moving party; (2) balancing this harm with any injury an injunction would inflict on other interested parties; (3) the probability that the moving party would succeed on the merits; and (4) the effect on the public interest." *St. Louis Effort for AIDS v. Huff*, 782 F.3d 1016, 1021 (8th Cir. 2015); *see also Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). These same standards are applicable to a request for a temporary restraining order. *See S.B. McLaughlin & Co. v. Tudor Oaks Condo. Project*, 877 F.2d 707, 708 (8th Cir. 1989) (affirming district court's application of *Dataphase* factors to a motion for a temporary restraining order).

"None of these factors by itself is determinative; rather, in each case the four factors must be balanced to determine whether they tilt toward or away from granting" preliminary injunctive relief. *West Pub. Co. v. Mead Data Cent., Inc.*, 799 F.2d 1219, 1222 (8th Cir. 1986). In any event, petitioner has the burden of proving that an injunction should be issued. *See Mgmt. Registry, Inc. v. A.W. Cos., Inc.*, 920 F.3d 1181, 1183 (8th Cir. 2019).

Here, petitioner has not carried his burden of proving that a temporary restraining order should be issued. First, petitioner has not demonstrated the threat of irreparable harm. While he states that his life – and the lives of many others – are at risk, he does not base this on anything more than speculation that he might encounter an illegal immigrant, and that that illegal immigrant might have coronavirus. Petitioner presents no facts establishing that this chain of events has or is likely to occur to him.

7

Second, the issuance of a temporary restraining order would present a risk of harm to the nonmoving parties, as the Court would be interfering with the operations of the U.S. Border and Customs Protection agency based solely on petitioner's broad and unverified allegations.

Finally, and most importantly, petitioner has not demonstrated a likelihood of success on the merits. Rather, as discussed above, the Court is denying and dismissing petitioner's writ of mandamus, as petitioner has failed to establish that he has a clear and indisputable right to the relief sought, or that respondents owe him a nondiscretionary duty.

For all these reasons, the Court denies petitioner's two separate motions for a temporary restraining order.

Accordingly, the Court grants [2] petitioner's motion for leave to proceed in forma pauperis. The Court denies [3], [4] petitioner's motions for a temporary restraining order. The Court denies and dismisses [1] petitioner's petition for writ of mandamus. A separate order of dismissal will be entered herewith. Lastly, the Court orders that an appeal from this dismissal would not be taken in good faith.

So Ordered this 11th day of August, 2021.

_SL R. CR_

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**